UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE No. 07-60668-CIV-GOLD/McALILEY

EAGLETECH COMMUNICATIONS INC., et al.,

    Plaintiffs,

v.

CITIGROUP, INC., et al.,

    Defendants.
_____/

## ORDER DENYING DEFENDANT TOWER EQUITIES' MOTION FOR SANCTIONS

THIS CAUSE comes before the Court on Defendant Towner Equities Re, Inc.'s ("Tower Equities") Corrected Amended Motion for Sanctions Pursuant to Federal Rule of Civil Procedure 11 ("Rule 11 Motion") [DE 171], which Plaintiffs have moved to strike as untimely ("Motion to Strike") [DE 169]. The parties have filed responses and reply. Having reviewed the motions, pertinent parts of the record, and applicable law, I conclude that oral argument is not necessary, and that Rule 11 sanctions are not warranted in this case.

Federal Rule of Civil Procedure 11 places an affirmative duty on attorneys to make a reasonable investigation under the circumstances of the facts and law before signing and submitting any pleading, motion, or other paper, or before later advocating to the Court. Fed. R. Civ. P. 11(b). "The standard for testing conduct under amended Rule 11 is 'reasonableness under the circumstances.'" *United States v. Milam,* 855 F.2d 739, 743 (11th Cir. 1988) (quoting *Donaldson v. Clark*, 819 F.2d 1551, 1556 (11th Cir. 1987) (en banc)). A district court has the discretion to award Rule 11 sanctions: (1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is

1

based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; or (3) when the party files a pleading in bad faith for an improper purpose. *Anderson v. Smithfield Foods, Inc.*, 353 F.3d 912, 915 (11th Cir. 2003) (citations omitted).

Applying this standard to this case, I conclude that sanctions pursuant to Rule 11 are not appropriate, and Tower Equities' motion as to the federal RICO claims is to be denied.  Since I have remanded the state law claims to the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida, without reviewing their merit, I do not determine whether sanctions under the equivalent Florida rule to Rule 11 are appropriate.  This order should not preclude Defendants from seeking such relief from the sate court. Having denied the Rule 11 Motion on the merits, Plaintiffs' Motion to Strike has been rendered moot.

Accordingly, it is hereby ORDERED AND ADJUDGED:

1.  Tower Equities' Rule 11 Motion [DE 171] is DENIED.

2.  Plaintiffs' Motion to Strike [DE 169] is DENIED as moot.

DONE AND ORDERED in Chambers, at Miami, Florida, this ⅄⃝ day of August, 2008.

THE HONORABLE ALAN S. GOLD
U.S. DISTRICT JUDGE

cc:
U.S. Magistrate Judge Chris M. McAliley
Counsel of record